**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
Civil No.

UNITED STATES OF AMERICA,

   Plaintiff,

   v.

LARPENTEUR ESTATES APARTMENTS LLC; MAJOR MANAGEMENT COMPANY; JENNIFER COSTELLO; and MARK FRISCH.

   Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**

The United States of America, for its complaint against Defendants Larpenteur Estates Apartments LLC; Major Management Company; Jennifer Costello; and Mark Frisch, alleges:

## NATURE OF ACTION

1. This is an action brought by the United States to enforce the provisions of Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq*. ("Fair Housing Act").

2. The United States brings this action for injunctive relief and monetary damages on behalf of Yusbith Murillo Ibarra ("Complainant") and her husband, aggrieved person James Clark, pursuant to the Fair Housing Act. 42 U.S.C. § 3612(o).

3. The United States alleges that Defendants discriminated in the rental of a dwelling and in the terms and conditions of rental because of a prospective renter's

disability[1] by making housing unavailable and by refusing to make reasonable accommodations in rules, policies, practices or services when such accommodations may be necessary to afford a person equal opportunity to enjoy a dwelling, in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(1), (f)(2) and (f)(3)(B).  It further alleges that individual Defendants Costello and Frisch violated 42 U.S.C. § 3604(c).

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1345 and 42 U.S.C. § 3612(o).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 3612(o).

## PARTIES

6. Plaintiff is the United States of America.

7. At the time of the alleged discrimination, Complainant Yusbith Murillo Ibarra resided in Minneapolis, Minnesota.

8. Complainant is a person with a disability within the meaning of 42 U.S.C. § 3602(h).  Complainant has been diagnosed with major depressive disorder and has been treated by several medical professionals.  Since September of 2017, she has seen a Licensed Professional Clinical Counselor periodically.  Complainant's disability affects the major life activities of sleeping and interacting with others.

---

[1] The Fair Housing Act uses the term "handicap," *see* 42 U.S.C. § 3602(h), but consistent with modern usage, the government uses the term "disability" in this Complaint.

9. On or around Thanksgiving 2019, Complainant was hospitalized for mental health issues. In or around December 2019, after being released from the hospital, Complainant adopted an emotional support animal (ESA), a cat named Sylvie. Sylvie has been living with Complainant since that time, helping to alleviate the symptoms of Complainant's disabilities by providing affection and emotional support, helping to alleviate Complainant's difficulty in getting out of bed, providing support to Complainant on hard days, and comforting Complainant when she is having nightmares.

10. James Clark is the husband of Complainant and is an aggrieved person within the meaning of 42 U.S.C. § 3602(i).

11. At all times relevant to this Complaint, Defendant Larpenteur Estates Apartments LLC ("Defendant Larpenteur Estates") owned the apartment complex commonly referred to as Larpenteur Estates, located at 1276 Larpenteur Avenue West, Saint Paul, Minnesota (the "Subject Property").

12. At all times relevant to this Complaint, the day-to-day management of the Subject Property was provided by Defendant Major Management Company ("Defendant Major Management"), an agent of Defendant Larpenteur Estates.

13. At all times relevant to this Complaint, Defendant Jennifer Costello ("Defendant Costello") was employed by Defendant Major Management as Resident Property Manager. As part of her duties, Defendant Costello had authority to grant routine reasonable accommodation requests at the Subject Property.

14. At all times relevant to this Complaint, Defendant Mark Frisch ("Defendant Frisch") was the Registered Manager of Defendant Larpenteur Estates and the Vice President of Defendant Major Management. Defendant Frisch retained final decision-making authority over reasonable accommodation requests at the Subject Property elevated to him by Defendant Costello.

15. The Subject Property constitutes a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

## FACTS

16. In or around June 2021, Complainant and her husband decided to seek new housing instead of renewing their lease at their apartment in Minneapolis, Minnesota, the rental term for which was set to end in or around late July 2021.

17. On June 13, 2021, Complainant e-mailed Larpenteur Estates to inquire about renting an apartment unit at the Subject Property. Complainant found the Subject Property attractive because it was in a favorable location for her commute, had adequate square footage, and had amenities, including communal green space and adequate parking.

18. On the morning of June 14, 2021, Defendant Costello replied to Complainant's June 13, 2021, inquiry by e-mail, providing an application packet and asking several questions of Complainant, including, "Is the apartment just for you or will you have any roommates?"

19. At 10:19 am on June 14, 2021, Complainant responded to Defendant Costello's email, stating, in relevant part: "It will be for my husband and me and my

4

emotional support animal." Respondent replied to Complainant's e-mail at 10:53 am that same morning, stating: "Oh I'm sorry Yusbith, but we are an animal-free/pet-free community so we wouldn't be able to accommodate your request. I'd recommend Rose Vista Apartments or The Burlington Apartments as neither are too far away from us."

20. Complainant replied to Defendant Costello's email at 1:51 pm that day, asking, in relevant part: "Are you animal free certified? I've never heard of an apartment not allowing an ESA." Having received no reply from Defendant Costello, at 5:47 pm Complainant sent another e-mail to Defendant Costello to follow up.

21. Complainant did not receive a response to her afternoon emails to Defendant Costello on June 14, 2021, so the next day, June 15, 2021, she sought to speak to someone higher up in the decision-making process at the Subject Property. Complainant e-mailed Defendant Costello at 8:46 am asking for the contact information of the Subject Property's manager. Defendant Costello did not respond to that email.

22. Complainant then called the Subject Property's office number, spoke to an unknown employee, and received a phone number and email for Defendant Frisch.

23. Later that day, on June 15, 2021, Complainant called Defendant Frisch twice but was unable to reach him. Complainant also emailed Defendant Costello to ask if the sought-after apartment was still available and stated that she wanted to drop off the required application and fees. Defendant Costello did not reply.

24. On June 16, 2021, Complainant again called Defendant Frisch but was unable to reach him and left a voicemail. Shortly thereafter, Complainant emailed Defendant Costello requesting Defendant Frisch's email.

25. Later that day, Complainant emailed Defendant Costello inquiring, in the relevant portion: "How late will someone be in the office for me to drop off the applications and money?" Then, at 5:14 pm that same day, Complainant emailed Defendant Costello as well as the general email address for Larpenteur Estates stating, in the relevant portion: "My friend who referred me allowed me into the building so I can drop off my applications and checks. I slipped it under the door and expect an update when the applications have been submitted. Please find attached my ID and if you need anything else please feel free to contact me. I'm excited to hear back from you!"

26. On June 17, 2021, Defendant Frisch attempted to call Complainant back but did not reach her. Later that day, Complainant called Defendant Frisch back and left a voicemail message when she was unable to reach him.

27. On June 17, 2021, Complainant went to the leasing office at the Subject Property and provided Defendant Costello with photo identifications. During this conversation, Complainant again brought up her emotional support animal. When Complainant asked about the processing of her application, Defendant Costello told Complainant that her application was "on hold" because of Complainant's "special circumstances."

28. On June 22, 23, and 24, 2021, Complainant called Defendant Frisch once each day, leaving voicemail messages for him on June 22, 2021, and June 24, 2021.

29. On June 25, 2021, Defendant Frisch called Complainant back and spoke to her. During that conversation, Defendant Frisch dismissed Complainant's request to reside at the property with an emotional support animal, stating in substance that other tenants do not want to live around animals and that tenants live at the subject property because there are no animals allowed, or words to that effect. During the conversation, Defendant Frisch also asked Complainant, "Why don't you go and find somewhere else to live?" and told Complainant "You are welcome, your animal is not" or words to that effect.

30. During the June 25, 2021, conversation, Defendant Frisch admitted that he would allow a service animal. When Complainant mentioned the U.S. Department of Housing and Urban Development ("HUD") and the relevant fair housing laws for emotional support animals, Defendant Frisch admonished her not to involve HUD.

31. As a result of Defendant Frisch's refusal to consider Complainant's reasonable accommodation request for an assistance animal, Complainant decided to no longer pursue the rental at the subject property.

32. At the time of Complainant's rental application Defendants Frisch and Costello understood what emotional support animals were.

33. At the time of Complainant's rental application, Defendants did not request information about Complainant's disability or seek any information from Complainant to verify her disability-related need for an emotional support animal.

34. On or about June 28, 2021, Complainant filed a complaint with the U.S. Department of Housing and Urban Development alleging that Defendants discriminated against her on the basis of her disability. On or about August 12, 2021, Complainant filed an amended complaint.

35. During the investigation into the housing discrimination complaint, Defendants advised HUD that they did not currently have a formal Reasonable Accommodation Policy for Assistance Animals but follow an "informal policy" to follow statutory requirements.

36. As a result of Defendants' actions, Complainant and Aggrieved Person James Clark have suffered actual damages, including, but not limited to, emotional distress, inconvenience, frustration, and loss of housing opportunity.

## PROCEDURAL BACKGROUND

37. As required by the Fair Housing Act, 42 U.S.C. § 3610(a) and (b), the Secretary of HUD conducted an investigation of the complaint made by Complainant, attempted conciliation without success, and prepared a final investigative report.

38. Based on the information gathered in the HUD investigation, the Secretary, pursuant to 42 U.S.C. § 3610(g), determined that reasonable cause exists to believe that illegal discriminatory housing practices occurred. On April 20, 2022, the Secretary issued a Determination of Reasonable Cause and Charge of Discrimination pursuant to 42 U.S.C. § 3610(g), charging the Defendants with discrimination under the Fair Housing Act.

39. On May 3, 2022, Defendants elected to have the claims asserted in HUD's Charge of Discrimination resolved in a federal civil action pursuant to 42 U.S.C. § 3612(a).

40. On May 4, 2022, a HUD Administrative Law Judge issued a Notice of Election and terminated the administrative proceedings on the HUD complaint filed by Complainant. Following the Notice of Election, the Secretary of HUD authorized the Attorney General to commence a civil action pursuant to 42 U.S.C. § 3612(o).

41. The United States now timely files this Complaint pursuant to the Fair Housing Act, 42 U.S.C. § 3612(o).

## **FAIR HOUSING ACT VIOLATIONS**

42. The United States incorporates by reference the preceding paragraphs of this Complaint.

43. Defendants Larpenteur Estates, Major Management, Jennifer Costello, and Mark Frisch violated 42 U.S.C. § 3604(f)(1) by making housing unavailable by refusing to grant Complainant a reasonable accommodation necessary to afford Complainant an equal opportunity to use and enjoy a dwelling. 42 U.S.C. § 3604(f)(1), (f)(3)(B).

44. Defendants Larpenteur Estates, Major Management, Jennifer Costello, and Mark Frisch violated 42 U.S.C. § 3604(f)(2) by discriminating in the terms and conditions of rental by refusing to grant Complainant a reasonable accommodation to keep her emotional assistance animal. 42 U.S.C. § 3604(f)(2), (f)(3)(B).

45. Defendants Larpenteur Estates, Major Management, Jennifer Costello, and Mark Frisch violated 42 U.S.C. § 3604(f)(2) by placing Complainant's rental application

"on hold" due to her request for a reasonable accommodation, thereby imposing discriminatory terms and conditions on Complainant's application as compared to those of other tenants. 42 U.S.C. § 3604(f)(2).

46. Defendant Costello violated 42 U.S.C. § 3604(c) when she responded to Complainant's statement *via* e-mail that Complainant had an emotional support animal by telling Complainant that "we are an animal-free/pet-free community so we wouldn't be able to accommodate your request." *See* 42 U.S.C. § 3604(c).

47. Defendant Frisch violated 42 U.S.C. § 3604(c) by responding to Complainant's request to live with her assistance animal by making statements including: "Why don't you go and find somewhere else to live?"; "You are welcome, your animal is not," and informing her, in substance, that people want to live at the subject property because there are no animals there. *See* 42 U.S.C. § 3604(c).

48. The Complainant and James Clark are aggrieved persons as defined in 42 U.S.C. § 3602(i) and have suffered injuries as a result of Defendants' actions.

49. Defendants' discriminatory actions were intentional, willful, and taken in disregard of the rights of the Complainant and her husband.

## **REQUEST FOR RELIEF**

WHEREFORE, the United States requests that this Court:

1. Declare that Defendants' discriminatory housing practices as set forth above violate the Fair Housing Act;

    2.    Enjoin and restrain Defendants, their officers, employees, agents, successors, and all other persons or corporations in active concert or participation with Defendants, from:

    A.    Discriminating in the sale or rental, or otherwise making unavailable or denying, a dwelling to any buyer or renter because of disability, in violation of 42 U.S.C. § 3604(f)(1);

    B.    Discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2);

    C.    Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B); and

    D.    Making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, disability, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination in violation of 42 U.S.C. § 3604(c).

3. Order Defendants to take such affirmative steps as may be necessary to restore, as nearly as practicable, Complainant and her husband James Clark to the position they would have been in but for the discriminatory conduct;

4. Order Defendants to take such actions as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of their unlawful conduct, including implementing policies and procedures to ensure that no applicants or residents are discriminated against because of disability;

5. Award monetary damages to Complainant and her husband James Clark pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1); and

6. Order such additional relief as the interests of justice require.

DATE: August 29, 2022

ANDREW M. LUGER
United States Attorney

*s/Liles H. Repp*
LILES H. REPP
Assistant United States Attorney
Attorney I.D. No. 0400692
District of Minnesota
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
E-Mail: liles.repp@usdoj.gov
Phone: (612) 664-5600